FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2017 FEB 23 PM 2:04

BROOKE HAND,

Plaintiff,

v. CASE NO.: 3:17-cv-218-J-25JRK

BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., d/b/a FLORIDA BLUE,

Defendant.
_________________________________/

## NOTICE OF REMOVAL

Defendant, Blue Cross and Blue Shield of Florida, Inc. ("BCBSF"), files this Notice of Removal containing a short and plain statement of the facts which entitle it to removal as required by 28 U.S.C. §1446, and alleges:

1. On or about January 19, 2017, Plaintiff, Brooke Hand ("Plaintiff"), commenced this action in the County Court, Third Judicial Circuit, in and for Columbia County, Florida, under Case No. 2017-cc-54, styled Brooke Hand vs. Blue Cross & Blue Shield of Florida, Inc., d/b/a Florida Blue. Plaintiff served process on BCBSF via the Chief Financial Officer of the State of Florida on January 24, 2017.

2. Accordingly, this Notice of Removal is being filed within thirty (30) days of service of process on BCBSF and this case is timely removed pursuant to 28 U.S.C. § 1446(b).

3. Contemporaneously filed herewith as **Exhibit A** is a copy of the Complaint filed by Plaintiff in the state court as well as copies of all process, pleadings, papers and orders, if any, now on file in the state court pursuant to 28 U.S.C. § 1446(a).

4. BCBSF removes this case pursuant to 28 U.S.C. § 1446 as an action over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331. The action raises federal questions and is removable because the claims at issue are completely pre-empted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et. seq. ("ERISA").

5. In support of this Notice of Removal, BCBSF is contemporaneously filing, as **Exhibit B**, the Affidavit of Lise Strother ("Strother Affidavit"), which, along with its Exhibits, is incorporated herein by reference.

6. This particular case concerns claims for Brooke Hand, who has been insured through an ERISA group health plan sponsored by her employer, First Federal Bank of Florida, from July 1, 2013 to the present. See Strother Affidavit at ¶ 3; Compl., ¶ 5.

7. Attached as composite Exhibit 1 to the Strother Affidavit is a true and correct copy of the Schedule of Benefits, Benefit Booklet, and Medication Guides applicable for Plaintiff's coverage from 7/01/2013 through 6/30/2014. These are the documents of the ERISA Plan pursuant to which benefits through 6/30/2014 were determined for Plaintiff.

8. Attached as composite Exhibit 2 to the Strother Affidavit is a true and correct copy of the Schedule of Benefits, BlueOptions Group Master Policy, and Benefit Booklet, with applicable amendments and endorsements, applicable for Plaintiff's coverage from 7/1/2014 to 7/1/2016. These are the documents of the ERISA Plan pursuant to which benefits from 7/1/2014 to 7/1/16 were determined for Plaintiff.

9. Attached as composite Exhibit 3 to the Strother Affidavit is a true and correct copy of the Schedule of Benefits, BlueOptions Group Master Policy, and Benefit Booklet, with applicable amendments and endorsements, applicable for Plaintiff's coverage from 7/1/2016 to

the present. These are the documents of the ERISA Plan pursuant to which benefits from 7/1/16 to the present were and are determined for Plaintiff.

10. Plaintiff's Complaint seeks payment for temporomandibular joint dysfunction (TMJ) treatment from November 2013 through to the present. (Compl., ¶ 6.) Thus, because coverage is provided by an ERISA plan from 7/1/2013 to the present, Plaintiff's claims are preempted by ERISA.

11. Employer-sponsored or employer-provided health care plans are governed exclusively by ERISA. This federal act "comprehensively regulates employee pension and welfare plans." Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 732, 105 S.Ct. 2380, 85 L. Ed. 2d 728 (1985).

12. An "employee welfare benefit plan" is defined at §1002(1) of Title 29 of ERISA as follows:

> Any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, for the purchase of insurance or otherwise (A) **Medical, Surgical, or Hospital Care or Benefits in the event of sickness, accident, disability, death, or unemployment ....**
>
> (Emphasis supplied).

13. In Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 63-64, 95 L. Ed. 2d 55, 107 S.Ct. 1542, 1546-47 (1987), the Supreme Court held that a defendant may remove a state cause of action to federal court if ERISA completely pre-empts the state claims. Here, Plaintiff's claim for a declaratory judgment to determine benefits under the ERISA Plan is necessarily and exclusively based on an ERISA benefit plan. As the Eleventh Circuit noted in Garren v. John Hancock Mutual Life Insurance Company, 114 F. 3d 186, 187 (11th Cir. 1997), "[a] party's state

law claim 'relates to' an ERISA benefit plan for purposes of ERISA pre-emption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits."

14. Plaintiff's claims for declaratory judgment and monetary damages are clearly pre-empted by ERISA. Mullénix v. Aetna Life & Cas. Co., 912 F.2d 1406 (11th Cir. 1990) (finding breach of contract action for failure to pay insurance benefits was pre-empted by ERISA); Cromwell v. Equicor-Equitable HCA Corp., 944 F. 2d 1272, 1276 (6th Cir. 1991) (noting that "[i]t is not the label placed on a state law claim that determines whether it is pre-empted, but whether in essence such a claim is for the recovery of an ERISA plan benefit"); HCA Health Srvs. of Georgia, Inc. v. Employer's Health Ins. Co., 22 F. Supp. 2d 1390 (N.D.Ga. 1998), aff'd., 240 F.3d 982 (11th Cir. 2001) (finding provider's claims for quantum meruit, open account, and stated account under Georgia common law pre-empted by ERISA).

15. ERISA was designed to establish pension and welfare plan regulation "as exclusively a federal concern". Alessi v. Raybestos – Manhattan, Inc., 451 U.S. 504, 523, 101 S. Ct. 1895, 68 L. Ed. 2d 402 (1981). Congress' intent is evidenced in the statutory provision of ERISA which provides that ERISA shall supersede all state laws that "relate to" any employee benefit plans described in the statute. 29 U.S.C. §1144(a). The United States Supreme Court has described ERISA's pre-emption clause as "deliberately expansive," noting that Congress "intended to insure that plans ... would be subject to a uniform body of benefit law" with the goal of minimizing "the administrative and financial burden of complying with conflicting directives among States." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 142, 111 S.Ct. 478, 112 L. Ed. 2d 474 (1990).

16. The United States Supreme Court reaffirmed ERISA's strong preemptive force in the case of Aetna Health Inc. v. Davila, 124 S.Ct. 2488 (2004). In Davila, two individuals sued

their Health Maintenance Organizations under a Texas medical malpractice statute for payment for benefits not provided under the individuals' health care plans. The individuals argued that the Texas statute was an independent state law claim unrelated to ERISA. They further argued that they did not seek reimbursement for benefits denied them but rather tort damages from breach of a statutorily imposed duty of ordinary care. 124 S.Ct. at 2493-94. The Fifth Circuit Court of Appeals had held that the claims were outside the scope of ERISA's preemptive reach, and thus the cases should be remanded to state court. The Supreme Court rejected this reasoning, and held that the individuals' causes of action, "brought to remedy only the denial of benefits under ERISA-regulated benefit plans, fell within the scope of, and are completely pre-empted by, ERISA § 502(a)(1)(B), and thus removable to federal district court." 124 S.Ct. at 2502.

17. In its analysis, the Davila Court held that the preemptive force of ERISA is stronger than only preempting a state law cause of action that "duplicates, supplements, or supplants the ERISA civil enforcement remedy." 124 S.Ct. at 2495. ERISA preempts state law claims even if the remedies provided under those state laws are different or more extensive or if the state law claims are not duplicative of ERISA. 124 S.Ct. at 2499.

18. The Davila Court disapproved of the circuit court's reasoning, that the individuals were asserting "tort" claims rather than "breach of contract" claims based on ERISA. 124 S.Ct. 498. "[D]istinguishing between pre-empted and non-preempted claims based on the particular label affixed to them would 'elevate form over substance and allow parties to evade' the pre-emptive scope of ERISA simply 'by relabeling their contract claims as claims for tortious breach of contract.'" 124 S.Ct. 2498. Thus, the Court held that where the suit is brought to rectify a wrongful denial of benefits under an ERISA plan, the "relates to" requirement is

satisfied regardless of the label placed on the claim, and therefore ERISA completely preempted the state law claims. 124 S.Ct. 2502.

19. There can be no doubt that a suit to recover benefits from an ERISA governed plan falls directly under 29 U.S.C. § 1132, which provides for an exclusive federal scheme of civil enforcement of ERISA disputes. Ingersoll-Rand Co. v. McClendon, supra; Belasco v. WKP Wilson & Sons, Inc., 833 F. 2d 277, 282 (11th Cir. 1987); Amos v. Blue Cross and Blue Shield of Alabama, 868 F. 2d 430, 432 (11th Cir. 1989); Brown v. Connecticut Gen. Life Ins. Co., 934 F. 2d 1193, 1195-96 (11th Cir. 1991).

20. In Brown v. Connecticut General Life Insurance Co., the Eleventh Circuit discussed the fact that the well-pleaded complaint rule does not apply when there is ERISA "super pre-emption" and stated as follows:

> An exception to this rule is when Congress "so completely pre-empts" a particular area that any civil complaint raising the select group of claims is necessarily federal in character. The effect of this exception is to convert what would ordinarily be a state claim into a claim arising under the laws of the United States. This conversion of what would otherwise be state law claims into federal claims can be labeled "super pre-emption" to distinguish it from ordinary pre-emption, which does not have that effect.
>
> The Supreme Court has determined that ERISA "completely pre-empts" the area of employee benefit plans and thus converts the state law claims into federal claims when the state law is pre-empted by ERISA and also falls within the scope of the civil enforcement section of ERISA, Section 502 (a), 29 U.S.C. §1132 (a).
>
> 934 F. 2d at 1196 (citations omitted).

21. In Williams v. Wright, 927 F.2d 1540 (11th Cir. 1991), the Eleventh Circuit held that an ERISA plan "is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and the procedures for receiving benefits." 920 F. 2d at 1543 (quoting Donovan v. Dillingham, 688 F. 2d 1367 (11th Cir. 1982) (en banc)). See also Randol v. Mid-West Nat'l Life Ins. Co., 987 F. 2d

1547, 1550-51 n. 5) (11th Cir. 1993) ("commercially purchased insurance policy under which the procedures of receiving benefits are all dictated by the insurance carrier can constitute a plan for ERISA purposes").

22. In this case, the group plan at issue was established by a private employer for the purpose of providing health care expense benefits to its employees. Ultimately, any liability to pay Plaintiff arises solely from the terms and conditions of the ERISA Plan applicable to the claims. Thus, the claims here fall squarely within the ambit of ERISA, and removal of the state action is clearly permitted.

23. Further, Plaintiff herself has conceded through the allegations of the Complaint that she seeks benefits under an ERISA group health plan sponsored by her employer, First Federal Bank of Florida. (Compl., ¶ 5.)

24. As this action is properly removed from State court pursuant to 28 U.S.C. §1441(b) as a civil action over which this Court has original jurisdiction founded on a claim arising under the laws of the United States, it is removable without regard to the citizenship of the parties or the amount in controversy.

25. Venue is proper in the Middle District of Florida, Jacksonville Division, as the Circuit Court in which the action is pending is within the jurisdictional confines of the Middle District. See 29 U.S.C. § 1146(a) and the Local Rules for the Middle District of Florida.

26. A copy of this Notice of Removal is being contemporaneously filed with the Circuit Court, Third Judicial Circuit, in and for Columbia County, Florida, pursuant to the requirements of 28 U.S.C. §1446(d).

WHEREFORE, Defendant Blue Cross and Blue Shield of Florida, Inc. respectfully requests that removal of this action to the United States District Court for the Middle District of Florida be hereby effected and that this Court take jurisdiction of this action.

**HOLLAND & KNIGHT LLP**

s/ Jennifer A. Mansfield
Timothy J. Conner
Florida Bar No. 767580
Primary: timothy.conner@hklaw.com
Secondary: lynette.mattison@hklaw.com
Jennifer A. Mansfield
Florida Bar No. 0186724
Primary: jennifer.mansfield@hklaw.com
Secondary: dawn.hewett@hklaw.com
Laura B. Renstrom
Florida Bar No. 108019
Primary: laura.renstrom@hklaw.com
Secondary: kathleen.griffith@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
Telephone: (904) 353-2000
Facsimile: (904) 358-1872

*Attorneys for Defendant, Blue Cross and Blue Shield of Florida, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of February, 2017, the foregoing document was served via email and the Court's CM/ECF system on the following parties:

Stephen A. Smith, Esq.
Florida Bar No. 184438
The Demas Law Firm, P.A.
P.O. Box 1792
Lake City, FL 32056-1792
tomi@bellsouth.net
*Attorneys for Plaintiff*

s/ Jennifer A. Mansfield
Attorney