Filing # 51389328 E-Filed 01/19/2017 03:57:40 PM

**IN THE COUNTY COURT**
**IN AND FOR**
**COLUMBIA COUNTY, FLORIDA.**

**CASE NO:**

**BROOKE HAND,**

**Plaintiff,**

**v.**

**BLUE CROSS AND**
**BLUE SHIELD OF FLORIDA, INC.,**
**d/b/a FLORIDA BLUE,**

**Defendant.**

_______________________________/

**COMPLAINT**

**COMES NOW** the plaintiff, **BROOKE HAND**, by and through her undersigned attorney, and sues the defendant, **BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., d/b/a FLORIDA BLUE**, and alleges:

1. This is an action for declaratory relief pursuant to F.S. §86.011, et. seq., and for supplemental relief, including monetary damages within the jurisdictional limits of this Court.

2. This Court has jurisdiction pursuant to 29 U.S.C. §1132(a)(1)(B)(1982).

3. At all times material hereto, the plaintiff, Brooke Hand, was an employee of First Federal Bank of Florida, a Federally chartered



Electronically Filed Columbia Case # 17000054CCAXMX 01/19/2017 03:57:40 PM

banking institution with its principal place of business in Lake City, Columbia County, Florida.

4. At all times material hereto, the defendant, Blue Cross Blue Shield of Florida, Inc., d/b/a Florida Blue, was and is an insurance company doing business in the State of Florida with an agent or representative for the transaction of its customary business in Columbia County, Florida.

5. On or about August 1, 2005, pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), the defendant issued, and at all times material hereto, had in full force and effect a policy of health insurance covering employees of First Federal Bank of Florida, including plaintiff. A copy of the Blue Options Benefit Booklet describing benefits available to participants, including plaintiff, is attached hereto and marked as Exhibit "A". A copy of Blue Options Endorsements/Notices further describing benefits available to participants, including plaintiff, is attached hereto and marked as Exhibit "B". A copy of the actual policy of insurance is not in plaintiff's possession, but will be sought by prompt discovery hereafter.

6. From on or about November of 2013, as a result of a congenital or developmental deformity or disease, plaintiff developed and began suffering from temporomandibular joint dysfunction (TMJ) which required medical intervention and treatment, including Phase I TMJ treatments involving occlusal orthotic appliances which were medically necessary to treat plaintiff's condition.

7. Plaintiff has submitted to defendant her medical bills for said Phase I TMJ treatments seeking reimbursement for some of the costs of said treatment, and defendant has denied plaintiff's claim for reimbursement on the grounds that TMJ treatment is excluded from plaintiff's Plan and is not a covered service because it involves dental care or treatment of the teeth or their supporting structures. See Florida Blue Letter of Denial dated July 19, 2016 marked as Exhibit "C".

8. On the other hand, plaintiff contends both that Phase I TMJ treatments are covered by her Plan, are not excluded from coverage as the defendant contends, and that any attempt to exclude TMJ treatment from the Plan is a violation of F.S. §641.31094 and is null and void is against public policy in the

State of Florida.

9. Based on the foregoing allegations, there is a bonafide dispute and a practical need for a declaration by this Court as to the present controversy as to the state of facts upon the law concerning which the immunities, power and rights of the plaintiff is dependent; that the parties have an actual, present, adverse and antagonistic interest in the subject matter of this cause in fact and/or in law; and that the relief sought is not sought merely for the purpose of procuring legal advice or satisfying curiosity, but for the purpose of adjudicating and declaring whether plaintiff is entitled to coverage and reimbursement for some of her Phase I TMJ treatments.

10. Because of the defendant's wrongful denial of coverage, it has become necessary for plaintiff to bring this action and plaintiff is obligated to pay a reasonable fee for the services of the undersigned in bringing this action and for costs.

11. Plaintiff has exhausted all of her administrative remedies, if any, and performed all conditions precedent to entitle her to bring this action.

**WHEREFORE**, plaintiff demands a declaration of her right to reimbursement for her TMJ treatments under the subject policy of insurance, costs of this action, attorney's fees, and such further and supplemental relief as the Court deems necessary and appropriate.

THE DEMAS LAW FIRM, P.A.

BY:________________________________

Stephen A. Smith

FB#: 184438
P.O. Box 1792
Lake City, FL 32056-1792
(386) 752-7191
(386) 755-0503 (Fax)
toml@bellsouth.net

ATTORNEY FOR PLAINTIFF

UNOFFICIAL DOCUMENT